**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**March 27, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
# for the Fifth Circuit

———————

m 02-30915
Summary Calendar

———————

ANTOINETTE M. ANDERSON,

Plaintiff-Appellant,

VERSUS

UNITED STATES POSTAL SERVICE
AND
JOHN E. POTTER, POSTMASTER GENERAL,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Eastern District of Louisiana
m 00-CV-1118-S

———————

Before HIGGINBOTHAM, SMITH, and
CLEMENT, Circuit Judges.

PER CURIAM:*

Antoinette Anderson sued her former employer, the United States Postal Service, for retaliation under title VII and for failure to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published (continued...)

*(...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide reasonable accommodations under the Rehabilitation Act. In its comprehensive Order and Reasons, entered August 28, 2002, the district court granted summary judgment.

The court concluded that "[t]he result of Anderson's fitness-for-duty exam indicate [*sic*] that her condition is permanent and she cannot meet the requirements for a mailhandler position." This sufficiently resolves the issue of accommodation.

Regarding retaliation, the court noted that "Anderson does not address the nondiscriminatory reason which the Postmaster offered to explain her termination. She does not dispute that she had no seniority to select a job on a specific unit and that she was subject to assignment as needed, usually to the less desirable positions." Accordingly, as the court reasoned, "the record conclusively reveals that the Postmaster had a nondiscriminatory reason for terminating Anderson's employment, and Anderson has not produced evidence that her termination would not have occurred 'but for' her filing EEOC complaints."

The summary judgment is AFFIRMED, essentially for the reasons given by the district court.